UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, successor by merger to KEY EQUIPMENT FINANCE INC.,<br>Plaintiff,<br><br>v.<br><br>MID HUDSON ENTERPRISES, INC. and MARK HALL,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff KeyBank National Association, the successor by merger to Key Equipment Finance Inc., by and through its undersigned counsel, hereby submits this Complaint against Defendants Mid Hudson Enterprises, Inc. and Mark Hall and in support thereof avers as follows:

## PARTIES

1. Plaintiff KeyBank National Association ("KeyBank") is a nationally chartered bank with its main office, as designated in its articles of association, at 127 Public Square, Cleveland, Ohio 44114 and is the successor by merger to Key Equipment Finance Inc. Pursuant to 28 U.S.C. § 1348, KeyBank is a citizen of the State of Ohio.

2. Defendant Mid Hudson Enterprises, Inc. ("MHE") is a business organized and existing pursuant to the laws of the State of New York, with its principal place of business at 94 Church Street, Wallkill, New York 12589. Accordingly, MHE is a citizen of the State of New York.

3. On information and belief, Defendant Mark Hall has a last known residential address of 31 Hoppenstedt Road, Wallkill, New York 12589. Thus, Mr. Hall is a citizen of the State of New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists.

5. This Court has personal jurisdiction over MHE because its principal place of business is located in the State of New York. This Court also has personal jurisdiction over Mr. Hall because he resides within the district.

6. For the same reasons, venue is also proper in this Court.

## FACTUAL ALLEGATIONS

### *Loan One*

7. On or about October 30, 2000, MHE entered into a Commercial Loan Agreement ("Original Loan") with Fleet National Bank. The loan was guaranteed by Mr. Hall. A true and correct copy of the Promissory Note associated with the Original Loan is attached as Exhibit A.

8. Fleet National Bank was later purchased by Key Equipment Finance Inc.

9. On or about December 28, 2004, Mr. Hall, as President of MHE, signed a Promissory Note with KEF to make eighty-four (84) monthly payments of $2,058.12 starting January 28, 2005 and ending on December 28, 2011 ("Promissory Note"). A true and correct copy of Promissory Note is attached as Exhibit B.

10. On the same day, Mr. Hall signed a Guaranty in connection with the Promissory Note ("Guaranty 1"), absolutely and unconditionally guaranteeing payment. A true and correct copy of Guaranty 1 is attached as Exhibit C.

11. The Promissory Note and Guaranty 1 are governed by the laws of the State of New York.

12. On July 27, 2010, MHE defaulted on the Promissory Note by "fail[ing] to make any payment when due under this Note[.]"

13. The Promissory Note provided that MHE was responsible for "all costs and expenses Lender incurs to collect this Note . . . including Lender's reasonable attorneys' fees and Lender's legal expenses[.]"

14. To date, the unpaid balance on the Promissory Note is $66,014.81.

*Loan Two*

15. On or about May 28, 2004, MHE entered into a Small Business Credit ONE APP ("Agreement") with KeyBank. A true and correct copy of the Agreement is attached as Exhibit D.

16. The Agreement contained a personal guaranty, which stated that any individual who signed the Agreement was unconditionally guaranteeing to pay MHE's debt.

17. The provision of the Agreement immediately above the signature line for the guarantor states: "[E]ach person signing below ("Guarantor") . . . unconditionally guarantees and promises to pay, jointly and severally, all present and future obligations and liabilities of the Applicant under any and all agreements with KeyBank[.]"

18. Mr. Hall signed the Agreement as owner and president of MHE.

19. Mr. Hall also signed the guaranty portion of the Agreement ("Guaranty 2") in his individual capacity.

20. The Agreement and Guaranty 2 are governed by the laws of the State of Ohio.

21. On July 27, 2010, MHE became past due on the line of credit.

22. To date, the unpaid balance on the Agreement is $66,300.00.

## FIRST COUNT
## BREACH OF CONTRACT
## (AGAINST MHE)

23. KeyBank incorporates by reference the previously stated paragraphs, as if set forth at length herein.

24. The Promissory Note and the Agreement are valid and enforceable contracts between KeyBank and MHE.

25. KeyBank performed all of its obligations pursuant to the Promissory Note and the Agreement.

26. MHE defaulted on its contractual obligations under the Promissory Note and the Agreement when it failed to make timely monthly repayments.

27. To date, the unpaid balance on the Promissory Note is $66,014.81 and the unpaid balance on the Agreement is $66,300.00 for a combined unpaid balance of $132,314.81.

28. MHE is liable to KeyBank for the combined unpaid balance of $132,314.81.

## SECOND COUNT
## BREACH OF GUARANTY
## (AGAINST MARK HALL)

29. KeyBank incorporates by reference the previously stated paragraphs, as if set forth at length herein.

30. Guaranties 1 and 2 are valid and enforceable contracts between KeyBank and Mr. Hall.

31. KeyBank performed all of its obligations pursuant to the Promissory Note and the Agreement.

32. Mr. Hall defaulted on his contractual obligations under Guaranties 1 and 2 when he failed to remedy MHE's default on the Promissory Note and the Agreement.

33. To date, the unpaid balance on the Promissory Note is $66,014.81 and the unpaid balance on the Agreement is $66,300.00 for a combined unpaid balance of $132,314.81.

34. As guarantor of MHE's debts, Mr. Hall is liable to KeyBank for the combined unpaid balance of $132,314.81.

**WHEREFORE,** Plaintiff KeyBank National Association demands judgment against Defendants Mid Hudson Enterprises, Inc. and Mark Hall for $132,314.81 in addition to reasonable attorneys' fees and costs and such other relief as the Court deems equitable and just.

Respectfully submitted,
**WONG FLEMING**

Dated: January 14, 2016      By: /s/ Daniel C. Fleming
      Daniel C. Fleming
      821 Alexander Road, Suite 200
      Princeton, New Jersey 08540
      Tel. (609) 951-9520
      Fax (609) 951-0270
      Email: dfleming@wongfleming.com
      *Attorneys for KeyBank National Association*